## No. 2085

### Second Circuit

### COOK v. CITY OF SHREVEPORT

(November 6, 1926. Opinion and Decree.)
(December 11, 1926. Rehearing Refused.)
   (January 3, 1927. Reversed by the Supreme Court on Writ of Certiorari and Review.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Mandamus—Par. 41, 44; Municipalities—Par. 60.**

The ordinances of a municipality are binding upon the governing authorities acting as such, as well as upon them individually, and upon all officers of the municipality until repealed. Therefore, enforcing the ordinance is a ministerial duty and a mandamus will not lie to compel the officers to act in contravention of the clear and express terms of the ordinance.

2. **Louisiana Digest—Mandamus—Par. 4', 44; Municipalities—Par. 60.**

A mandamus will not lie to compel the governing authorities of a municipality to accept notes bearing 6% interest where the ordinance ordering a street paved and the recordation of liens on the abutting property for the payment of this pavement in accordance with Act 187 of 1920 and amendments provided for 8% interest; their ministerial duty being the collection of 8% interest provided by the ordinance.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. T. F. Bell, Judge.

Action by Susie L. Cook against City of Shreveport.

There was judgment for plaintiff and defendant appealed.

Judgment reversed and alternative writ of mandamus recalled.

Joseph H. Levy, of Shreveport, attorney for plaintiff, appellee.

B. F. Roberts, of Shreveport, attorney for defendant, appellant.

WEBB, J. The city of Shreveport, acting through its constituted officers, and under a petition of the required number of property owners, requesting that a certain alley or street be paved under Act No. 187 of 1920, and amendments thereto, ordered the paving to be done under the provisions of said Act.

The Act provides for the payment for the work by the abutting owners and for the time and manner of payment as follows:

"Sec. 5. Be it further enacted, etc., That the amounts assessed in said ordinance shall be due and exigible immediately upon its passage, and if not paid within ten days thereafter the city or town, or its transferees, shall have power to proceed by suit against the assessed properties, and the owners thereof, to enforce the collection of the amounts of said assessment, together with six per cent per annum interest from date of acceptance thereof and ten per cent of the amount of the judgment as attorney's fees.

"Sec. 6. Be it further enacted, etc., That the governing authorities of the municipality may provide in the ordinance accepting the work and making the assessment that the property owners therein assessed, availing themselves of the privilege within ten days after the passage of the ordinance, may pay in cash twenty per cent of the amount of their indebtedness and pay the balance thereof in four equal annual installments. As evidence of such deferred payments the property owner shall sign and execute four promissory notes payable to the order of the municipality, each for twenty per cent of the amount due by him, dated ten days after the passage of the ordinance accepting the work, maturing, respectively, one, two, three and four years from date, or sooner, at the option of the owner, bearing six per cent yearly interest from date and ten per cent attorney's fees if placed in the hands of an attorney for collection after maturity, which notes, when paraphed by the city clerk or secretary to identify them with the ordinance levying the assessment, shall carry with them in the possession of any owner the lien and privilege above provided."

Upon completion of the paving, the city of Shreveport by ordinance accepted same and made an assessment against the abutting property, providing for the payment of the amounts assessed against the abutting property as fixed by the statute, with the exception that where Section 5 of the statute provides for the payment of six per cent interest when the amount is not paid within ten days from the date of the assessment, Section 3 of the ordinance provides for the payment of eight per cent interest, and where Section 6 of the statute provides that the notes representing the deferred payments shall bear six per cent interest, Section 4 of the ordinance provides that the notes shall bear eight per cent.

The relator, Susie L. Cook, was one of the owners of property abutting on the street which had been paved, and she paid to the city of Shreveport, through S. G. Wolfe, secretary-treasurer, twenty per cent of the amount assessed against her property, and offered to give four notes bearing six per cent interest and otherwise drawn

as provided by the statuté and the ordinance to cover the balance due under the assessment, and this being refused she brought this action in which, after setting forth the facts as shown above, she alleged:

"Relator now avers that the said governing body of the said city of Shreveport did grant to relator and all other abutters of the aforesaid alley the privilege set out in Section 6 of the said Act of 1920 when it passed and adopted Section 4 of the ordinance * * * and that by passing Section 4 of said ordinance it both exercised and exhausted all discretion of option granted it by Act 187 of 1920, and at the same time granted the absolute right and privilege to all abutters on the said alley to pay their proportion of the said pavement according to the terms and conditions set out in Section 6 of Act 187 of 1920, and that it is now its pure and ministerial duty to accept payment for said paving according to the terms and conditions set out in Section 6 of Act 187 of 1920 * * * and she now avers that she has an absolute legal right to demand that the city of Shreveport, its mayor and officials, and especially S. G. Wolfe, secretary-treasurer and tax collector of the city of Shreveport, issue for her signature four promissory notes bearing six per cent interest and otherwise drawn as provided by the statute and the ordinance."

An alternative writ of mandamus was issued to the city of Shreveport, L. E. Thomas, mayor; J. T. Dixon, commissioner of finance, and S. G. Wolfe, secretary-treasurer and tax collector, and relator, by a supplemental petition, amended her pleadings and prayed that the defendants be ordered to accept the notes drawn as above for the deferred payments.

The defendants answered, admitting all of the facts alleged by plaintiff, denying the legal conclusion, and alleged that the petition failed to state a right or cause of action for the issuance of the writ of mandamus.

On trial the writ was made peremptory and defendants appealed.

## OPINION

We assume that it will be conceded that in order for one to have the right to resort to the extraordinary writ of mandamus it must appear that the relator has the absolute right to demand the performance of the act or duty, that the duty to be performed must be ministerial, and that the relator has no other adequate remedy by ordinary process.

The defendants contend that, conceding to relator the right to demand the performance of the duty and that the duty is purely ministerial, relator has another adequate remedy, suggesting that she could await a suit by the city of Shreveport for the balance due under the assessment and then set up her right to have given the notes bearing six per cent interest.

The recordation of the ordinance levying the assessment fixed a lien and privilege on the property of relator, and conceding that the relator could await the action of the city and then avail herself of the right to give the notes, we are of the opinion that the expense and vexation of a lawsuit in order to have her property cleared of the privilege, would be a very poor substitute for her right to give the notes and to have the privilege cancelled proportionally as she paid the notes; and conceding that relator has a right to give the notes bearing six per cent interest, as provided by the statute, and that it is the ministerial duty of the city of Shreveport, or any one of the named offi-

cers, to perform such duty, we do not think that the remedy suggested would be adequate within the meaning of the law.

To exclude resort to mandamus on the ground that relator has another remedy, such remedy must be an adequate one and well adapted to remedy the wrong complained of; if it is inconvenient or incomplete the court exercises a sound discretion in granting or refusing the writ. Another remedy, tedious and not so well adapted to the nature of the case as that by mandamus will not operate to prevent resort to the latter remedy; and it is said that the other remedy must be one competent to afford relief upon the very subject matter involved; that it must not only be adequate, but specific. (R. C. L., Mandamus, vol. 18, pge. 1342, No. 45.)

Considering the question of whether or not the act which relator seeks to have performed is purely ministerial, and assuming that as neither the statute nor the ordinance designates the officer or person whose duty it is to accept or attend to the matter of taking the notes where time is granted, it should be performed by one of the officers named in the writ or even by the municipality acting through the mayor and the commissioners, we must determine by what law or ordinance the duty is imposed.

While the statute certainly does not contemplate that the municipality shall act through its governing authorities as a body in settlement of paving matters, where the thing to be done is merely accepting notes for deferred payments, but, if where the ordinance fails to designate the officer who shall act for the municipality in the matter, the duty falls upon the munici-

pality, acting through its governing authorities, and conceding that they would be performing merely a ministerial duty, we are of the opinion that the ministerial duty would be that which had been imposed by the ordinance accepting the pavement, and in the present instance the ordinance certainly does not authorize the governing authorities, or any other person acting for the city, to accept notes bearing six per cent interest, but on the contrary it only authorizes the acceptance of notes bearing eight per cent interest.

The ordinance is clear upon this point, and there is no room for construction, and it appears that the relator, in seeking to have the city or any of the officers accept notes bearing six per cent interest, is attempting to have them ignore the only authority under which they are empowered to act, that is, the ordinance, and to accept notes bearing six per cent interest, when the ordinance only authorizes them to accept notes bearing eight per cent interest.

The ordinances of the municipality are binding upon the governing authorities of the municipality, acting as such, as well as upon them individually, and upon all officers of the municipality, until repealed or amended, and the relator is seeking to compel the city or its officers to act in contravention to the clear and express terms of the ordinance, and cannot be said to be demanding the performance of a ministerial duty.

In so holding we are not unmindful of the contention of the relator that that section of the ordinance which provides for deferred payments should be read as if it failed to provide for the rate of in-

terest which the notes should bear, or as if there had been no provision whatever for the manner in which the deferred payments should be made, and that the language of the statute should be read into the ordinance; but, conceding that such should be the case, we do not think that this action could be said to be a mere ministerial duty, enforceable by the writ of mandamus.

We conceive that from this point of view it is unnecessary to determine whether or not the relator has the right under law or ordinance to defer the "payments" and to give notes bearing six per cent interest as evidence of such deferred payments, as we do not think that this question can properly be considered in this proceeding.

For the reasons assigned, it is therefore ordered that the judgment appealed from be annulled and reversed and that the alternative writ of mandamus issued herein be recalled at relator's cost.